182 So.2d 382

### James R. ALSOBROOK

v.

### Ray D. BRIDGES, Sheriff.

l Div. 107.

Court of Appeals of Alabama.

Jan. 18, 1966.

Jas. J. Duffy, Jr., Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was submitted January 6, 1966.

It is an appeal from a denial of a writ of habeas corpus. Code 1940, T. 15, § 8, makes mandatory on the judge to issue the writ "unless it appears from the petition itself, or from the documents thereunto annexed, that the person imprisoned or restrained is not, under the provisions of this chapter, entitled to the benefit of the writ."

The petition claims that Alsobrook is held only on the basis of an illegal search and seizure.

The circuit court gave Alsobrook an evidentiary hearing. The State orally stated that the Recorder of the City of Mobile, sitting as a committing magistrate,[1] had bound Alsobrook over to the grand jury. His bond was set at $500.00. No indictment has been called to our attention.

---

1. On preliminary examination before commitment, the Recorder acted within Code 1940, T. 15, §§ 128–151.

Alsobrook made no effort in the circuit court to impeach the City Recorder on the issue of probable cause for binding over. Code 1940, T. 15, § 136, requires that testimony on preliminary examination be preserved. No attempt to show that a Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L. Ed.2d 1081, violation appears other than by Alsobrook's own statement purporting to relay information he claims came to him from a turnkey at the jail.

Accordingly, the record supports no result other than Alsobrook's continuing detention to await the next Grand Jury unless in the meanwhile he makes bail.

This is without prejudice to any questions which may be raised by motion to suppress illegally seized evidence (if any) or by objection so as to exclude it. Brown v. State, 277 Ala. 108, 167 So.2d 291. Moreover, an indictment can no longer *solely* rest on an unlawful search and seizure.

The judgment below is

Affirmed.