265 So.2d 918

Alfonzo YANCEY, alias

v.

STATE.

6 Div. 224.

Court of Criminal Appeals of Alabama.

Aug. 15, 1972.

William T. Kominos, Birmingham, for appellant.

William J. Baxley, Atty. Gen. and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

PER CURIAM.

This appeal is from a conviction of robbery with sentence of ten (10) years imprisonment fixed by the jury and imposed by the court.

The appellant was arrested on October 25, 1969, by two Birmingham Police Officers, after receiving a call on the radio of the police car from a superior officer to make the arrest. The charge placed against him was robbery and "A.I.M.". The officer who ordered the appellant arrested did so predicated upon an anonymous phone call, that the appellant was connected with the robbery of state witness, Stollenwerk, on the night of October 15, 1969. The arresting officers had no warrant for appellant's arrest and he was held until October 28, at which time he was released. During the time he was held in jail, photographs were taken and were later shown to the victim, Stollenwerk, who identified the appellant as one of the participants who attacked and robbed him as heretofore mentioned. In the incident referred to, the witness, Stollenwerk, was not only robbed of his money, some $73.00, but severely cut by his assailants.

After the identification of the appellant, he was again arrested, apparently under the authority of a warrant sworn out by either Detective Vance or Whitehouse.

The appellant contends in brief that since his first arrest and detention was without authority of law and in violation of Title 15, Section 154, that his motion to exclude, in the following language:

"And I move that any evidence presented in this trial after the events that took place after the—arrest on the 25th be excluded, because the arrest, itself, was void and without probable cause, and anything that was—that the officers were able to get—any photographs, or any identification—after a void or null arrest should be excluded."

should have been granted by the Court. The motion was overruled and the appellant reserved an exception.

Granting that the first arrest of the appellant was invalid, because not based upon probable cause, the second arrest, whether under warrant or without warrant, there was, under the evidence, probable cause, the identification of the appellant having been in the meantime made by

the victim, Stollenwerk, when shown the photographs by the police officers.

■ But, be this as it may, we are of the opinion that an unlawful arrest is not bar to a prosecution of a subsequent indictment for the same charge.

This principle was dealt with in the case of Albrecht v. United States, 273 U.S. 1, 8, 47 S.Ct. 250, 252, 71 L.Ed. 505, in the following language:

"The invalidity of the warrant is not comparable to the invalidity of an indictment. A person may not be punished for a crime without a formal and sufficient accusation even if he voluntarily submits to the jurisdiction of the court. * * * But a false arrest does not necessarily deprive the court of jurisdiction of the proceeding in which it was made." * * *

See United States v. Hughes, 311 F.2d 845 (3rd Circuit 1962); Kelly v. Griffin, 241 U.S. 6, 36 S.Ct. 487, 60 L.Ed. 861; Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421; Stallings v. Splain, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940.

We have found no case exactly in point in Alabama, but we think the case of Braden v. State, 45 Ala.App. 186, 227 So. 2d 816, sheds some light upon this matter. This case deals with the failure of the defendant to be accorded a preliminary hearing and he sought to take advantage of this situation upon the main trial.

The Court, in speaking on the question of the effect of an error in the preliminary proceedings upon the main trial said:

"Upon indictment by a properly chosen grand jury, then a determination of there being probable cause has been made so as to hold the accused to answer to a petty jury. Ex parte United States, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283."

■ We do not think that the first arrest of appellant by officers acting without a warrant and without probable cause deprived the circuit court of its jurisdiction

to try the appellant after an indictment was returned by the grand jury; and there was no error in the action of the court in overruling the motion to exclude the evidence.

We do not think the case of Mangino v. Todd, 19 Ala.App. 486, 98 So. 323, relied on by appellant, and which was a civil suit for damages incurred by plaintiff during an unlawful arrest, can be properly interpreted as holding to a view contrary to the conclusion above here set out.

During the course of the trial, the home of one of the jurors was burglarized, and she was so advised by the court on the afternoon of the burglary after the jury had been dismissed for the day. It further appears that she told one or more of the jurors about the matter and it is reasonable to believe that most, if not all, of the jurors knew about it soon after they re-assembled in court the next morning. The appellant moved for a mistrial because of the alleged prejudicial effect that the knowledge of the burglary might have upon the jury in the trial of his case. Thereupon, the Court on voir dire examination of the jury, under oath, questioned each of them closely as to their feelings in this matter and whether the knowledge of the burglary would have any effect upon the outcome of this case, either for or against the appellant. Each of the jurors, including the one whose home was allegedly burglarized, individually, answered these questions in the negative and the court overruled the motion for a mistrial.

After a careful study of the testimony bearing on this matter, we are of the opinion that there was no error in the court's action.

■ The granting or denial of a mistrial is within the sound judicial discretion of the trial court. Franks v. State, 45 Ala.App. 88, 224 So.2d 924.

■■ The Court, in a situation such as this, is in better position to judge whether or not something having transpired or occurred during the progress of the trial is

likely to be prejudicial to any of the parties involved. He has the opportunity to observe the proceedings at first hand and to make a better judgment than this court as to the impact of the matter in question upon anyone involved. It is, of course, his duty to declare a mistrial when the ends of justice would be defeated by a continuance of the proceedings and conversely it is his duty to continue with the trial if the rights of the parties are not prejudiced. We cannot see that he abused his discretion in this action in the case at bar in overruling the motion.

We have responded to the matters argued in brief by the appellant and, in addition thereto, have searched the record for error. Finding no error of a prejudicial nature, this case is due to be affirmed.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

CATES, P. J., and ALMON, TYSON and HARRIS, JJ., concur.