326 So.2d 135

**James Lewis McKENZIE**

v.

**STATE.**

**7 Div. 391.**

Court of Criminal Appeals of Alabama.

Jan. 20, 1976.

Joel C. Watson, Alabaster, for appellant.

William J. Baxley, Atty. Gen., and William A. Davis III, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

 This is an appeal from a conviction for selling marihuana contrary to the Alabama Uniform Controlled Substance Act [No. 1407, September 16, 1971.] The trial judge sentenced Lewis to serve two years at hard labor in the county jail. This is a permissible alternative place of serving sentence in felony cases, under Code 1940, T. 15, § 325, if the sentence is not over two years. *Crook v. State*, 44 Ala.App. 83, 203 So.2d 138.

I

The indictment used "marijuana" instead of "marihuana." The latter term appears throughout Act 1407, supra.

Before September 16, 1971, the Alabama law described marijuana in all inclusive

terms which embraced all botanical varieties, synthetic derivatives and the effective hallucinogenic ingredient, tetrahydrocannabinol. This classification defined marjuana chemically and botanically. Code 1940, T. 22, § 256, as amended.

The 1971 Act changed the definition. First, it used the spelling "marihuana." Whether this was intentional we do not know.

More importantly, the new law limited the term to cannabis sativa Linnaeus. There is respectable, though not unanimous, scientific authority to the effect that in addition to cannabis sativa Linnaeus there are at least two other varieties of cannabis sativa. See Stein, Laessig and Indriksons, An Evaluation of Drug Testing Procedures Used by Forensic Laboratories and The Qualifications of Their Analysts, 1973 Wisconsin Law Review 727 at 767; *United States v. Collier*, (D.C., Super., March 19, 1974) 14 Cr.L. 2501.

■ Marihuana or marijuana in everyday speech is not a scientific name. However, when a statute defines a term with the limiting word "means," the courts must construe the expression narrowly. See *Helvering v. Morgan's Inc.*, 293 U.S. 121, 55 S.Ct. 60, 79 L.Ed. 232 and *Sims v. Moore*, 288 Ala. 630, 264 So.2d 484. The 1971 Act narrowed "marihuana" to cannabis sativa Linnaeus.

■ The 1971 Act also has expressly proscribed possession of a tetrahydrocannabinol (THC). The dictionary definition of marijuana is broad and embraces a plant substance containing THC. See Schedule I, § 204(d)(17). We hold that under the indictment the use of the word "marijuana" apprised the defendant that he

was accused of possessing THC. Such was the holding in *Haynes v. State,* 54 Ala.App. 714, 312 So.2d 406.

## II

■ Appellant was arrested in a raid to search a trailer where drugs were found. The trailer was searched under a warrant. Present was an officer, Bruce Dean, who a few weeks earlier had made an under cover purchase of marihuana from McKenzie.

This officer told the raiding party to take McKenzie in. According to the defendant's own testimony, " * * * Officer Bruce Dean leaned over to the table where I was sitting and looked into my face and said, 'Yeah, he is a pusher, too, take him on down.' "

Dean, having therefore seen McKenzie sell the marihuana to him (i. e., Dean) certainly knew of the commission of a felony and was entitled to arrest him or to cause him to be arrested.

■ No problem, moreover, would have arisen if the arrest had been illegal because no evidence (either confession or contraband) was the fruit of the apprehension. After indictment, a barren arrest withers away.

## III

We have reviewed the record under Code 1940, T. 15, § 389* and consider the judgment below is to be

Affirmed.

TYSON and BOOKOUT, JJ., concur.

HARRIS and DeCARLO, JJ., concur in result.

* Appellant's brief did not comply with Rule A, 49 Ala.App. XXI. See 28(a)(7) ARAP.