SAM TAYLOR, Judge.
John Perry was convicted of murdering Derek Oneal Askew by shooting him with a pistol under circumstances manifesting extreme indifference to human life, pursuant to § 13A-6-2(a)(2), Code of Alabama 1975. In accordance with the Alabama Habitual Felony Offender Act, the trial court sentenced Perry to life imprisonment without parole.
The sole issue on appeal is whether or not the trial court erred in overruling appellant’s motion to quash count two of the indictment, the count for which he was convicted.
Count two of the indictment stated as follows:
“The Grand Jury of said county further charge that before the finding of this indictment, John Perry, whose name is otherwise unknown to the Grand Jury, did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death to a person other than the said Derek Oneal Askew, and did thereby cause the death of Derek Oneal Askew, by shooting him with a revolver, in violation of Section 13A-6-2 of the Alabama Criminal Code, .... ” (Emphasis supplied).
Section 13A-6-2(a)(2), Code of Alabama 1975, specifies the type of murder committed by a person if:
“Under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person.” (Emphasis Supplied).
The appellant argues that the obvious defect in the indictment, wherein the victim’s name was erroneously used in a place where the appellant’s name or the word, “himself,” should have been used, violates the indictment standards specified in Bowens v. State, 54 Ala.App. 491, 309 So.2d 844 (1974), cert. denied, 293 Ala. 746, 309 So.2d 850 (1975). We disagree.
Bowens restates the requirements for a constitutionally sufficient indictment as follows:
“(1) To show the defendant what he should prepare to defend against; (2) to identify the charged offense so that he may be tried for the same charge which was laid before the grand jury; (3) that the judgment (to some degree) may afford some protection against double jeopardy; and (4) to give the court, after conviction, means to accept (or reject) the verdict, pronounce judgment and pass sentence.”
[See also, Summers v. State, 348 So.2d 1126 (Ala.Cr.App.), cert. denied, 348 So.2d 1136 *824 (Ala.1977), cert. denied, 434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773 (1978) ].
In comparing the defective indictment to the statutory language of § 13A-6-2(a)(2), we have concluded that the constitutional requirements were met. Although the appellant argues to the contrary, there was, indeed, no confusion concerning the crime with which he was charged. The state presented evidence which showed that the appellant and Ora Jean Askew, the victim’s mother, had had a previous disagreement. On the day of the shooting, Ora Jean had refused to talk with the appellant and had refused to let him enter her home. The appellant had made several attempts to communicate with Ora Jean from just outside her home by yelling at her through various doors and windows. On his final attempt to enter Ora Jean’s home, after someone had closed the front door “in his face,” the appellant fired two shots from his revolver into the home. One of these shots struck and killed the victim, Derek Oneal Askew.
The appellant pleaded not guilty to both counts of the indictment, but offered no evidence in defense of the charges. At trial, he did not contend, and there is no reason to believe, that he was in any way misled or inadequately informed about the charges against him. His arguments in support of his motion to quash the indictment were based upon the mere existence of the clerical error and not upon any prejudicial effects.
The trial court concluded that the defect in the indictment was merely a clerical error, which did not require a dismissal of count two of the indictment. The trial court explained this clerical error to the jury to avoid any possible confusion over the indictment.
Our review of the propriety of the trial court’s action in refusing to quash the indictment and of the validity of the indictment, itself, has been governed by practical, not technical, considerations. See, United States v. Cox, 664 F.2d 257 (11th Cir.1981). Accordingly, we have concluded that, under the circumstances presented by this case, the clerical error in the indictment was not fatal because it did not “prejudice the substantial rights” of the appellant. Ala.Code § 15-8-4 (1975). See also, Couch v. State, 6 Ala.App. 43, 60 So. 539 (1912); Henry v. State, 57 Ala.App. 383, 328 So.2d 634 (1976); Wheat v. State, 372 So.2d 400 (Ala.Cr.App.1979); Black v. State, 401 So.2d 320 (Ala.Cr.App.1981).
For this reason, appellant’s conviction and sentence are due to be and are, hereby, affirmed.
AFFIRMED.
All the Judges concur.