Robert Lance Coral was indicted for the capital murder of Nancy Burt. Prior to his trial, he filed a petition for writ of habeas corpus. The circuit court denied the petition without an evidentiary hearing. This appeal is from the denial of that petition. Coral raises five issues.
 I
Coral contends that he was illegally arrested on October 7, 1987, because the arresting officer testified at a preliminary hearing on February 5, 1988, that there was no evidence linking Coral to the crime. However, the record shows that Coral was subsequently indicted on February 8, 1988. "As a general rule, the mere fact that the arrest of an accused person is unlawful is of itself no bar to a prosecution on a subsequent indictment or information, by which the court acquires jurisdiction over the person of the defendant." 41 Am.Jur.2d Indictments andInformations § 18 (1968). "After indictment, a barren arrest withers away." McKenzie v. State, 57 Ala. App. 69, 71,326 So.2d 135 (1976). "[A]n unlawful arrest is not [a] bar to a prosecution of a subsequent indictment for the same charge."Yancey v. State, 48 Ala. App. 476, 478, 265 So.2d 918 (1972). See also Matthews v. State, 361 So.2d 1195, 1197-98
(Ala.Cr.App. 1978); Ala. Code 1975, § 15-11-2 ("A preliminary hearing determination by the district court finding no probable cause shall not be res judicata with respect to the issue of probable cause, and the State shall not be barred from proceeding further.").
 II
Coral argues that he was subjected to an unreasonable search and seizure on October 7, 1987, when some of his head hairs were taken without a search warrant or a court order. Coral further alleges that the test results from the hair sample were "negative."
While an indictment cannot rest "solely" on evidence resulting from an unlawful search and seizure, Alsobrook v.Bridges, 43 Ala. App. 145, 146, 182 So.2d 382 (1966), the fact that illegal evidence was considered by the grand jury along with legal evidence does not render the indictment void or subject to be quashed. Aaron v. State, 271 Ala. 70, 77,122 So.2d 360 (1960). Here, Coral admits that the test results were negative and that they did not connect him to the crime. Consequently, we fail to see, and Coral fails to demonstrate, how the allegedly unlawfully seized hair sample could have constituted evidence of his guilt or could have prejudiced him in any way. If the search were illegal, Coral would only be entitled to have the illegally seized evidence and its fruits suppressed. Such suppression would not void the indictment. See generally 41 Am.Jur.2d Indictments and Informations at § 232.
It further appears that many witnesses appeared before the grand jury and that documentary evidence was subpoenaed. "When it appears that witnesses were examined by the grand jury, or that the grand jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence is indulged."Loyd v. State, 279 Ala. 447, 448, 186 So.2d 731 (1966). *Page 1183 
 III
Coral contends that his further prosecution is barred by principles of double jeopardy. He alleges that he was indicted on February 8, 1988, for a violation of Ala. Code 1975, §13A-6-2; that that indictment was dismissed; and that he was subsequently reindicted on March 7, 1988, for a violation of13A-5-40.
The indictments are identical with one exception — the Code section. Both charge a capital murder committed during a robbery. The first indictment cites the wrong code section for capital murder-robbery. The second indictment corrects that defect.
"The fact that a second indictment was filed against the defendant is of no constitutional significance. An indictment is not subject to abatement because another charge is pending against the defendant for the same offense." Clements v. State,390 So.2d 1131, 1133 (Ala.Cr.App. 1980), cert. denied, Ex parteClements, 390 So.2d 1136 (Ala. 1980). See also Boswell v.State, 290 Ala. 349, 355, 276 So.2d 592 (1973). Jeopardy attaches only when a jury has been impaneled and sworn and the indictment has been read to the jury. Ex parte Collins,385 So.2d 1005, 1007 (Ala. 1980).
 IV
Coral's bare allegation in his habeas corpus petition that he is being held without bond does not warrant further consideration. A defendant charged with a capital offense may be held without bail "when the proof is evident or the presumption great." Ala. Const. art. I, § 16.
 V
We will not consider Coral's allegation of the denial of his right to a speedy trial because that claim was not presented to the circuit court. "Issues not presented in the trial court cannot be considered in an appellate court on appeal from denial of habeas corpus." Watkins v. State, 409 So.2d 901, 902
(Ala.Cr.App. 1981). Moreover, "a denial of a pretrial motion based on a plea of double jeopardy is not immediately appealable." Jones v. State, 450 So.2d 186, 187 (Ala.Cr.App. 1984).
The judgment of the circuit court denying Coral's petition for writ of habeas corpus is affirmed.
AFFIRMED.
All Judges concur.
 *Page 423