Ronald Taylor, the appellant, pleaded guilty and was convicted of burglary in the third degree and theft of property in the second degree. His 15-year sentence as a habitual offender was "split" with three years' imprisonment and the remainder on probation. On this appeal from those convictions, the appellant contends that his "motion to suppress/motion to dismiss" should have been granted because the arrest warrants are fatally defective in that neither complaint in support of either warrant contains facts that connect the appellant with the charged offense.
On June 20, 1990, Alabama State Trooper Billy Mason arrested the appellant for stealing doors from a vacant house located near the Governor's mansion. Mason apprehended the appellant at the scene while the appellant was in the act of removing the doors from the house and placing them in his vehicle. Later that same day, the trooper went to the district court magistrate and obtained a warrant for the appellant's arrest based upon his complaint. The complaints in support of both arrest warrants are insufficient because they are merely conclusory. As in Swain v. State, 504 So.2d 347, 352
(Ala.Cr.App. 1986), the complaints in this case are " 'nothing more than the affiant's conclusion that the individual named therein had perpetrated the described offense[s], without setting out any factual basis for such conclusion.' " Rule 2.3, A.R.Crim.P., states: "A complaint is a written statement made upon oath before a judge, magistrate, or official authorized by law to issue warrants of arrest, setting forth essential factsconstituting an offense and alleging that the defendant committed the offense." (Emphasis added.)
However, the trooper testified that he "told [the magistrate] that I had observed what I had observed that day." R. 10. The magistrate testified that he did not "know of any other additional statements" that the trooper gave him. R. 21. In ruling on the motion, the trial judge stated: "I find that while they [the affidavits] could have been more detailed, I feel like they meet the constitutional requirements especially in view of the fact that he was — and the evidence this morning shows, and I think it's reasonable to assume that it was brought to the attention of the magistrate that the officer saw him commit these offenses." R. 35. "A 'bare-bones' affidavit can be validated if it is supplemented with additional facts which the magistrate considered before determining that probable cause was present." Crittenden v.State, 476 So.2d 632, 634 (Ala. 1985). See also Rule 2.4, A.R.Crim.P.
Furthermore, indictments for burglary and theft were returned against the appellant on September 20, 1990. The appellant's "motion to suppress/motion to dismiss" was filed on October 12, 1990. " 'As a general rule, the mere fact that the arrest of an accused person is unlawful is of itself no bar to a prosecution on a subsequent indictment or information, by which the court acquires jurisdiction over the person of the defendant.' "Coral v. State, 551 So.2d 1181, 1182 (Ala.Cr.App. 1989). The appellant does not challenge Trooper Mason's probable cause to make the initial warrantless arrest. "An officer may arrest any person without a warrant, on any day and at any time . . . [w]hen a felony *Page 806 
has been committed and he has reasonable cause to believe that the person arrested committed it." Ala. Code, § 15-10-3(a)(3) (Supp. 1990). See also Rule 4.1(a)(1)(ii), A.R.Crim.P. "[T]he remedy for illegal pretrial detention, other than pretrial release, may be the suppression of any evidence obtained as a result of that illegal detention — not the dismissal of the charge against the accused." Speers v. State, 545 So.2d 247,250 (Ala.Cr.App. 1989).
Consequently, the appellant's motion to suppress "all evidence seized as incident to or as the basis of his arrest" was properly denied because the appellant was properly arrested without a warrant. The appellant's motion to dismiss the charges was properly denied because any deficiency in the district court warrants of arrest became immaterial to the jurisdiction of the circuit court after indictments had been returned against the appellant.
AFFIRMED.
All Judges concur.