The appellant, Robert Eugene Capers, Jr., was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of *Page 208 
Alabama 1975, and was sentenced to 21 years imprisonment.
On appeal, the appellant presents two issues concerning the indictment in this case. The indictment originally read, in pertinent part, as follows:
 "[The appellant] did in the course of committing a theft of lawful currency, the property of Delchamp's, Inc., threaten the imminent use of force against John Body, with intent to compel acquiescence to the taking of or escaping with the property, while . . . armed with a deadly weapon or instrument. . . ."
(Emphasis added.)
 I
Initially, the appellant contends that the circuit court erred in amending the indictment over his objection. Specifically, he argues that it was error for the court to allow the amendment of the indictment changing the name of the victim from John Body to John Boyd.
The appellant was indicted on June 19, 1990, and his case was brought before the grand jury. On May 14, 1991, the prosecution filed a pre-trial motion to amend the victim's name in the indictment.
At the hearing on the motion, the assistant district attorney who presented the case to the grand jury stated that JohnBoyd testified during the presentation of that case and that no one by the name of John Body appeared. She stated that the name "Body" on the indictment was a typographical error that she overlooked after the grand jury reporter had typed the indictment. The appellant objected to the amendment. The circuit judge granted the prosecution's motion to amend, stating he was "convinced beyond all reasonable doubt and, in fact, beyond all doubt, that it is a typographical error" (R. 25). The trial was held on December 2, 1991.
The appellant contends on appeal that the amendment of the indictment over his objection was reversible error because, he argues, it violated § 15-8-90, Code of Alabama 1975. He argues that, by correcting the spelling of the victim' name, the court, in effect, altered the charge set out in the indictment, thereby depriving him of the substantial right to sufficient notice of the charges against him.
Section 15-8-90 states that an indictment may be amended "when the name of the defendant is incorrectly stated or when any person, property or matter therein is incorrectly described," but only when the defendant consents to the amendment. However, Rule 13.5(a), A.R.Crim.P.,[1] states that as long as "no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced," an indictment may be amended by the court before the verdict or finding without the defendant's consent. The commentary to that rule notes that Rule 13.5(a), changes the prior procedure set out in § 15-8-90, "except as to amendments to charge a new offense not contemplated in the original indictment."
After reviewing the facts as recited above, we conclude that no substantial rights of the appellant were prejudiced by amending the indictment. Transposing two letters of the victim's last name that were incorrectly typed on the indictment is simply the correction of a clerical error and not an alteration of the offense charged. Cf., Fearn v. City ofHuntsville, 568 So.2d 349 (Ala.Cr.App. 1990) (amending date of offense on complaint from December 4 to December 3 where the offense occurred at 4 minutes before midnight prejudiced no substantial rights); Spurlin v. State, 539 So.2d 403
(Ala.Cr.App. 1988), aff'd, 539 So.2d 407 (Ala. 1989) (no prejudice occurred where defendant's name was misspelled in the indictment); Perry v. State, 439 So.2d 823 (Ala.Cr.App. 1983) (clerical error in indictment did not prejudice substantial rights).
Thus, the circuit court did not err in amending the indictment over the appellant's objection. *Page 209 
 II
The appellant also contends that the circuit court violated § 12-21-201, Code of Alabama 1975, when it denied his second motion to dismiss wherein he argued that the prosecution had failed to prove the incorporation of the store that was robbed.
Section 12-21-201 states:
 "In the trial of criminal cases it shall not be necessary for the state to prove the incorporation of any corporation mentioned in the indictment . . . unless the defendant, . . . within 30 days after arrest on capias, denies the existence of such corporation by a sworn plea."
(Emphasis added.)
The appellant was arrested on March 16, 1991. The appellant filed an application for treatment as a youthful offender on April 10, 1991. The court denied the application on May 7, 1991. The appellant filed a motion denying the existence of Delchamps, Inc., on May 8, 1991. Although this motion was filed more than 30 days after the appellant was arrested, the appellant's application for treatment as a youthful offender stayed any action on the indictment. Section 15-19-1, Code of Alabama 1975. However, failure to prove that Delchamps, Inc., was a corporation as stated in the indictment was immaterial. The victim of the robbery in this case was not the corporate entity. The victim was the manager of Delchamps. There may be instances where the failure to prove that a business is incorporated would be material and fatal to the prosecution. See Speaker v. State, 16 Ala. App. 33, 75 So. 178 (1917). Under the circumstances here, the failure to prove incorporation did not amount to a material variance. No reversible error occurred here.
The judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] Rule 1.5, A.R.Crim.P., was amended effective April 21, 1992, making the Alabama Rules of Criminal Procedure applicable to "all criminal proceedings, without regard to when the proceeding was commenced."