The appellant, Larry Sanders, was tried and convicted in the Birmingham Municipal Court for driving under the influence of alcohol.[1] He appealed his conviction to the Jefferson County Circuit Court, where, in a trial de novo, a jury found him guilty of driving under the influence of alcohol. He was sentenced to 60 days in jail, was placed on probation for one year, and was fined $1,100.
On appeal, the appellant contends that the circuit court erred in allowing two amendments to the prosecutor's complaint that was filed in the circuit court.
 I.
The appellant first alleges that the typed prosecutor's complaint charging him with violating § 32-5A-191, Ala. Code 1975, contained a handwritten number "1" following the word and figures "Section 32-5A-19 [. . .]" and that this handwriting constituted an impermissible "amendment" to the prosecutor's complaint. However, this issue is waived for purposes of appellate review because it was never presented to the circuit court. Moye v. City of Foley, 632 So.2d 1012 (Ala.Cr.App. 1993); Beals v. State, 533 So.2d 717 (Ala.Cr.App. 1988). The appellant's contention in this regard only highlights the reasons for requiring that a claim first be presented to the trial court, because we cannot even determine from the record whether the purported handwritten "amendment" to the prosecutor's complaint was made before or after it was filed in the circuit court. Nor can we determine who made this "amendment." We would further note that regardless of when the handwritten "1" was inserted, the complaint, as "amended," charged a violation of the same Code section, § 32-5A-191, charged in the UTTC. We fail to see how allowing such an amendment could have affected the substantial rights of the appellant. *Page 238 
 II.
The appellant also maintains that the prosecutor's complaint was impermissibly amended when, over the appellant's objection at trial, the circuit court announced that it was correcting a scrivener's error in the complaint to properly name the appellant as the defendant, rather than "Billy Lett," who had erroneously been named as the defendant in the body of the typed complaint that was filed in the circuit court.
Rule 13.5(a), Ala.R.Crim.P., provides:
 "A charge may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. The court may permit a charge to be amended without the defendant's consent, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced."
(Emphasis added.)
No new offense was charged as a result of the circuit court's action. The amendment simply corrected a clerical error and did not change the offense or charge a new offense. See Capers v.State, 606 So.2d 207 (Ala.Cr.App. 1992) (trial court's amendment of indictment to correct misspelling of robbery victim's name was correction of clerical error and did not alter the offense charged). Furthermore, the appellant has failed to show how his substantial rights were prejudiced by circuit court's correction of the clerical error. The circuit court merely amended the prosecutor's complaint to conform to the UTTC upon which the appellant had been tried in municipal court. The appellant had notice of the charges against him when the UTTC charging him with driving under the influence of alcohol was issued against him. He was tried for that offense in the municipal court and was tried for the same offense in the circuit court. The time and place that the offense was alleged to have occurred were stated identically in the UTTC and in the prosecutor's complaint. Although the body of the prosecutor's complaint named "Billy Lett" as the defendant, the style of the complaint properly named the appellant as the defendant. The appellant did not allege that he had not received proper notice because of the error in the prosecutor's complaint, and he raised no objection to the prosecutor's complaint until the circuit court, on its own initiative, indicated after the trial had begun that it was going to correct the error.
If there was any error in the circuit court's actions in this case, that error was clearly harmless to the appellant. SeeFearn v. City of Huntsville, 568 So.2d 349, 350 (Ala.Cr.App. 1990) ("the improper or unauthorized amendment of a complaint is subject to harmless error analysis"); McLaughlin v. City ofHomewood, 548 So.2d 580, 583 (Ala.Cr.App. 1988) (failure to amend complaint was harmless error and "substantial rights were not prejudiced" where the appellant "had been put on notice of that charge when proceeding to circuit court"). See, also,Capers, supra, 606 So.2d 207 (no prejudice occurred when indictment was amended to correct misspelling of victim's name).
We note that the defect in the prosecutor's complaint did not implicate the circuit court's subject matter jurisdiction, because the prosecutor's complaint "is not the mechanism that confers subject matter jurisdiction on the circuit court in a de novo appeal." Ex parte Young, 611 So.2d 414, 416 (Ala. 1992). Finally, in this same vein, we note that Rule 13.5(c), Ala.R.Crim.P., provides:
 "No charge shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, for any defect or imperfection in the charge which does not tend to prejudice the substantial rights of the defendant upon the merits."
See Spurlin v. State, 539 So.2d 403 (Ala.Cr.App. 1988), aff'd,539 So.2d 407 (Ala. 1989) (no prejudice occurred where defendant's name was misspelled in the indictment); Perry v.State, 439 So.2d 823 (Ala.Cr.App. 1983) (clerical error in indictment did not prejudice defendant's substantial rights).
The circuit court's judgment is affirmed.
AFFIRMED.
All Judges concur.
[1] The Uniform Traffic Ticket and Complaint (UTTC) charged the appellant with violating § 32-5A-191, Ala. Code 1975, adopted by the City of Birmingham as § 11-1-1 of the General Code of the City of Birmingham. In the "description of the offense" portion of the UTTC, the block next to the statement "under the influence of alcohol" was marked. *Page 239