COBB, Judge.
Bradford Savage Dominic Muldoon appeals from his misdemeanor conviction, pursuant to a guilty plea, for driving under the combined influence of alcohol and controlled substances, a violation of § 32-5A-191(a)(4), Ala.Code 1975. Muldoon was sentenced to 12 months in the county jail; that sentence was suspended on the condition that he complete two years’ probation. He was also ordered to pay a fine of $600 and court costs, to complete a substance-abuse program, and to surrender his driver’s license.
Before entering a guilty plea, Muldoon reserved for appellate review “the issue as to whether or not the arrest was a lawful arrest.”
At the hearing on Muldoon’s motion to dismiss the charge, the following facts were stipulated: On March 30, 2003, Mul-doon was involved in a single-vehicle accident. He was transported unconscious from the scene of the accident to Flowers Hospital, where he remained in a coma for three days. State Trooper Mark Nielson arrived at the accident scene to investigate the accident after Muldoon had been transported to the hospital. There is no information in the record concerning Trooper Nielson’s investigation at the accident scene. Trooper Nielson first saw Muldoon at Flowers Hospital, where Muldoon was in a coma. Trooper Nielson did not speak to Muldoon until some time after Muldoon awoke from the three-day coma. There is nothing in the record concerning what information Trooper Nielson obtained after arriving at the hospital. On March 30, 2003, Trooper Nielson issued a Uniform Traffic Ticket and Complaint (“UTTC”) to Muldoon charging Muldoon with misdemeanor driving under the influence (“DUI”). That UTTC was later dismissed, and on August 21, 2003, a new UTTC was issued to Muldoon charging him with driving under the combined influence of alcohol and controlled substances.
Based on the above stipulated facts, Muldoon argued that the charges should be dismissed because, he says, his arrest was illegal. According to Muldoon, Trooper Nielson did not see him at the accident scene; therefore, Nielson had no personal knowledge of facts or circumstances — i.e., probable cause — to justify a warrantless arrest. According to Muldoon, the mere issuance of a summons pursuant to a UTTC was insufficient to effect an arrest. Muldoon argued that under the facts of his case the proper procedure to perfect his arrest would have been to obtain an arrest warrant as required by § 32-5-310, Ala. Code 1975.
Section 32-5-310, Ala.Code 1975,[1] permits a police officer to arrest a person for *700 a misdemeanor without a warrant if the offense is committed in the officer’s presence. Conversely, § 32-5-310, Ala.Code 1975, requires an arrest for a misdemeanor be made pursuant to a warrant if the officer does not observe the commission of the offense. Moreover, Muldoon argued that § 32-5-171, Ala.Code 1975,[2] specifically addresses DUI charges by allowing an officer who did not witness the accident, but who is on the scene with the driver and determines that the driver is under the influence, to arrest the driver at the scene of the accident. See Ingram v. State, 720 So.2d 1036 (Ala.Crim.App.l998)(arrest at the hospital upheld where investigating troopers testified that based on the strong odor of alcohol on driver at the accident scene, and what appeared to be the path of vehicles before the crash, they formed the opinion at the accident scene that driver was intoxicated).
Therefore, Muldoon argued that because Trooper Nielson was not a witness to the accident and was not on the scene at the same time as Muldoon, his warrantless arrest was “an illegal arrest in violation of the Alabama law and his right to procedural due process.” Thus, Muldoon argued that the case against him was due to be dismissed.
The State responded in part by arguing that Muldoon agreed to turn himself in after his recovery and release from the hospital. At that point, the State argued, the investigation had been completed, and, thus, an arrest warrant was unnecessary.[3]
On April 26, 2005, the trial court denied the motion to dismiss by notation on the case-action summary sheet. On May 2, 2005, before trial, the parties were heard on miscellaneous motions. After hearing arguments on the various motions, the trial court orally denied all pending motions. With the complete acquiescence of the trial court, Muldoon reserved for appellate review issues, see infra, before entering a guilty plea.
On appeal, Muldoon contends that the trial court erred in denying his motion to dismiss because his arrest was illegal in that “the officer did not see the defendant drive a vehicle, inside a vehicle, or even at the scene of a vehicle accident” and thus there was no probable cause[4] to support a *701 warrantless arrest. (Muldoon’s brief at 12.) Also, Muldoon contends that Trooper Nielson did not issue the new UTTC until almost five months after the accident. Thus, according to Muldoon, there was no valid reason the officer could not have obtained a lawful warrant to execute a valid arrest during that period of time.
It is unclear whether Muldoon’s appellate claim regarding the five-month delay in issuing the second UTTC is a separate claim that he did not reserve before entering his guilty plea or an argument in support of the claim reserved at trial. Nevertheless, as the State correctly asserted, the statute of limitations for a misdemeanor offense is one year. § 15-3-2, Ala.Code 1975 (“Unless otherwise provided, the prosecution of all misdemeanors before a circuit or district court must be commenced within 12 months after the commission of the offense.”). Thus, the UTTC was timely issued within one year.
As to Muldoon’s claim that his arrest was illegal because, he says, there was no probable cause and no arrest warrant was issued, we note:
“In misdemeanor traffic cases, the UTTC is the formal charging instrument, analogous to an indictment and conferring original subject matter jurisdiction on the district or municipal court, and on the circuit court in the case of a de novo appeal. Young[ v. City of Hokes Bluff], 611 So.2d [401] at 411-13 [ (Ala.Crim.App.),] (Bowen, J., concurring in result)!, aff'd, 611 So.2d 414 (Ala.1992) ]; Sanders v. City of Birmingham, 669 So.2d 236, 238 (Ala.Cr.App.1995). See also Rule 2.2(d), Ala.R.Crim.P., as amended effective August 1,1997.”
Stoll v. State, 724 So.2d 90, 91-92 (Ala.Crim.App.1998).
“ ‘ “As a general rule, the mere fact that the arrest of an accused person is unlawful is of itself no bar to a prosecution on a subsequent [UTTC], by which the court acquires jurisdiction over the person of the defendant.” ’ ” Taylor v. State, 589 So.2d 804, 805 (Ala.Crim.App.1991)(quoting Coral v. State, 551 So.2d 1181, 1182 (Ala.Crim.App.1989), quoting in turn 41 Am.Jur.2d Indictments and Informations § 18 (1968)). “ ‘An illegal arrest “does not void a subsequent conviction,” ... does not bar prosecution on [a UTTC] returned after the arrest, ... and does not entitle the accused to a dismissal of the charges against him....’” Holland v. State, 615 So.2d 1313, 1317 (Ala.Crim.App.1993) (quoting Atwell v. State, 594 So.2d 202, 208 (Ala.Crim.App.1991)).
Therefore, even if, as Muldoon alleges, the arresting officer lacked probable cause to effect the arrest, and if an arrest warrant separate from the UTTC should have been obtained, Muldoon was not entitled to have the UTTC (indictment) dismissed. “ ‘[T]he remedy for illegal pretrial detention, other than pretrial release, may be the suppression of any evidence obtained as a result of that illegal detention — not the dismissal of the charge against the accused.’ ” Taylor v. State, 589 So.2d at 806 (quoting Speers v. State, 545 So.2d 247, 250 (Ala.Crim.App.1989)). A motion to dismiss was not the appropriate remedy for the allegedly illegal arrest.
Based on the foregoing, we affirm the trial court’s denial of Muldoon’s motion to dismiss.
AFFIRMED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.

. S ection 3 2-5-310 provides:
"Any peace officer, including state troopers, sheriffs and their deputies, constables and their deputies, police officers and marshals of cities or incorporated towns, county police or patrols, state or county license inspectors and their deputies, and special officers appointed by any agency of the State of Alabama for the enforcement of its laws relating to motor vehicles, now existing or hereafter enacted, shall be authorized, and it is hereby made the duty of each of them to enforce the provisions of this chapter and to make arrests for any violation or violations thereof, without warrant if the offense be committed in his presence, and with warrant if he does not observe the commission of the offense. If the arrest be made without warrant, the accused may elect to be immediately taken before the *700 nearest court having jurisdiction, whereupon it shall be the duty of the officer to so take him. If the accused elects not to be so taken, then it shall be the duty of the officer to require of the accused a bail bond in a sum not to exceed $300.00, conditioned that the accused binds himself to appear in the nearest court having jurisdiction at the time fixed in the bond. In case the arrested person fails to appear on the day fixed, the bond shall be forfeited in the manner as is provided for the forfeiture of bonds in other cases. No officer shall be permitted to take a cash bond. The officer making the arrest and taking the, bond shall report the same to the court having jurisdiction within 18 hours after taking such bond.”

.Section 32-5-171 provides:
"A uniformed police officer, state trooper, county sheriff or his deputy or member of a municipal police force may arrest, at the scene of a traffic accident, any driver of a vehicle involved in the accident if upon personal investigation, including information from eyewitnesses, the officer has reasonable grounds to believe that the person by violating Section 32-5A-191 contributed to the accident. He may arrest such a person without a warrant although he did not personally see the violation.”

. The stipulation of facts is devoid as to facts related to probable cause to arrest. The record contains references to medical records; however, the content of these records were not discussed on the record and the medical records were not entered into evidence.

. In some instances Muldoon's brief refers to a lack of reasonable suspicion; it is clear the argument concerns probable cause.