WELCH, Judge.
Charles Marquis Simmons, a school teacher, was convicted in 'the Lowndes County District Court for the Class A misdemeanor of having sexual contact with a student less than ID years old, a violation of § 13A-6-82, Ala.Code 1975. This charge was brought pursuant to a complaint filed by the victim’s mother. Simmons appealed to the circuit court for a trial de novo, and he was again convicted in the circuit court. Simmons was sentenced to 1 year in the county, jail; the sentence was split, and he was ordered to *245 serve 30 days in the county jail, followed by 1 year of probation. Simmons was ordered to pay a $500 fine, court costs, and a $50 crime victims compensation fund assessment.

Analysis

On appeal, Simmons argues, as he did before the commencement of his trial in the circuit court, that the circuit court lacked jurisdiction to proceed to trial and to enter a judgment of conviction against him, because, he argues, the original charging instrument was not filed in the circuit court. He correctly .asserts that the charging instrument in the circuit court was an information filed, and later amended, by the district attorney after Simmons filed his notice of appeal for a trial de novo.[1]
Rule 2.1, Ala. R.Crim. P., states that “[a]ll criminal proceedings shall be commenced either by indictment or complaint,” In this case, the district court had exclusive original jurisdiction over the misdemeanor offense charged against Simmons.[2] Thus, a complaint was the proper charging instrument.[3] Rule 30.5, Ala. R.Crim. P., states that following a conviction in the district court, “[w]hen an appeal is taken to the circuit court for a trial de novo, the trial shall be prosecuted as provided in Rule 2.2(d).” ’Rule 2.2(d), Ala. R.Crim. P., states that an appeal fi’om the district comt to the circuit court “shall be prosecuted in the circuit court on the original charging instrument.” Rule 30.4(a), Ala. R.Crim. P., required that the complaint executed by the victim’s mother be transferred to the circuit court..
“Within, fourteen (14) days after the appeal to the circuit court for trial de novo is perfected as provided by Rule 30.3(b), the clerk of the ... district court shall transmit to the clerk of the circuit court such records of the proceedings as are in the ... district court clerk’s possession, including the original charging instrument.”
(Emphasis added.) This was not done.
“ ‘[A]n accusation [i.e., a charging instrument,] made in. the manner prescribed by law is a prerequisite to the court’s power to exercise its jurisdiction.’ ” Anderson v. State, 796 So.2d 1151, 1157-1158 (Ala.Crim.App.2000)(quoting State v. Thomas, 550 So.2d 1067, 1070 (Ala.1989) (emphasis added)). Thus, presentment of the charging instrument, i.e., the complaint, to the circuit court was necessary to engage the jurisdiction of the “circuit court in the case of a de novo appeal.” Stoll v. State, 724 So.2d 90, 92 (Ala.Crim.App.1998) (A Uniform Traffic Ticket and Complaint was the formal charging instrument in Stoll), citing Young v. City of Hokes Bluff, 611 So.2d 401, 411-413 (Ala.Crim.App.)(Bowen, J., concurring in result), aff'd, 611 So.2d 414 (Ala.1992); Sanders v. City of Birmingham, 669 So.2d 236, 238 (Ala.Crim.App.1995). See also Rule 2.2(d), Ala. R.Crim. P., as amended effective August 1, 1997.
We are not to be understood as requiring anything contrary to Ex parte Sey *246 mour, 946 So.2d 536 (Ala.2006), which holds that defects in an indictment have no affect on the circuit court’s subject-matter jurisdiction. We are' asserting that the filihg of the proper charging instrument was required for the jurisdiction belonging to the circuit court to attach. See generally, State v, Thomas, 550 So.2d 1067, 1072 (Ala.1989) (“The jurisdiction of the juvenile court; would attach only after a petition had been properly filed with the intake officer, and the court had conducted a preliminary inquiry to determine whether the child was within the jurisdiction of the court.” (footnote omitted)).
Moreover, an information is not a substitute for a complaint or indictment. An information is used by the prosecution to allow a willing defendant to enter a guilty plea following the filing of a complaint, but before the grand, jury returns an indictment. Specifically, the legislature in § 15-15-20.1, Ala.Code 1975, authorized the use of an information as the charging instrument for noncapital felony offenses that were commenced by a complaint and where the defendant has also given notice that he or she seeks to enter a guilty plea before an indictment is returned. See § 15-15-21, Ala.Code 1975, and Rule 2.2(e), Ala. R.Crim. P.

Conclusion

In the absence of a proper charging instrument, the circuit court could not exercise its jurisdiction over Simmons’s appeal. Accordingly, - Simmons’s conviction and sentence rendered and imposed by the circuit court are void and due to¡ be set aside. This cause is remanded for the circuit to proceed consistent with this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and KELLUM and BURKE, JJ., concur.
JOINER, J., dissents, with opinion.

. Simmons presents five issues on appeal, but all are based on the premise that the circuit court lacked jurisdiction to hear his ease.

. See § 12 -12 32, Ala.Code 1975 (noting that "[t]he district court shall have exclusive original trial jurisdiction over prosecutions of all offenses defined by law or ordinance as misdemeanors,” except for enumerated exceptions that are inapplicable here).

."A complaint is a written statement made upon oath before-a judge, magistrate, or official -authorized by law to issue warrants of arrest, setting forth essential facts constituting an offense and alleging that the defendant committed the offense." Rule 2,3, Ala. R.Crim. P.