Through habeas corpus proceedings, Mr. Nix, a patient, sought his release from confinement at the Taylor Hardin Secure Medical Facility (the facility).
After prior due notice to the patient, a hearing had been held in 1977 at which the patient and his attorney were present. A judgment was promptly rendered, which fully complied with all of the commitment requirements which had been established by Lynch v. Baxley, 386 F. Supp. 378 (M.D. Ala. 1974). The patient was committed to the custody of the Alabama State Department of Mental Health (department) for treatment of his mental illness. He was first sent to Searcy Hospital, where he remained until November 1981, when he was transferred to the facility where he still currently resides. Mr. Nix filed his petition for a writ of habeas corpus against the director of the facility. The director's answer to the petition contended that the patient should remain in the custody of the department, that he should continue to receive continuous treatment and that the patient still remains a potential danger to himself or to others. After an evidentiary non-jury trial before the trial judge, a judgment was entered which denied the patient's petition for a writ of habeas corpus. Mr. Nix appealed either to the Court of Criminal Appeals or to the Supreme Court of Alabama. His appeal was recently transferred by the Supreme Court to this court.
Mr. Nix was in attendance at the habeas corpus hearing. The only two witnesses who testified were Mr. Nix and the staff psychiatrist at the facility. The staff psychiatrist swore that it was his opinion from his personal examinations and knowledge of Mr. Nix, who was one of his patients, that the patient suffers from schizophrenia, paranoid type; that Mr. Nix poses a real threat to himself and to others; that the patient should not be released at this time; and that Mr. Nix's prognosis is guarded, but that he still has a chance of improving sufficiently to be released sometime in the future. According to the facility's records, the patient was transferred from Searcy to Taylor Hardin because it was believed that he killed two patients there. The patient testified that he had been in mental facilities for the past twenty-three years, first in Illinois and then in Alabama. In substance, Mr. Nix testified that he is presently sane.
Since Mr. Nix had been lawfully adjudged to be insane by means of the 1977 court proceedings, the burden was upon him in these civil habeas corpus proceedings to prove that he was presently sane, that is, that the basis for his commitment in Alabama had ceased. Nigg v. Smith, 415 So.2d 1082 (Ala. 1982);Phillips v. Giles, 287 Ala. 469, 252 So.2d 624 (1971).
The habeas corpus trial occurred before the circuit judge and, as we have shown, the evidence conflicted. We must presume that the factual findings of the trial judge are correct, and they cannot be disturbed on appeal unless they were so unsupported by the evidence as to be palpably wrong. Johnson v.Cleveland, 460 So.2d 1257 (Ala. 1984). Since the staff psychiatrist's testimony fully supported the determination of the trial judge that Mr. Nix should not be released from the facility at this time, we are not authorized to alter that finding of fact. The trial judge was not palpably wrong.
We pretermit other matters which were only casually mentioned in the instrument filed in this court by Mr. Nix. Those broad contentions are not supported by argument or by the citation of any authority, and they are without any adverse ruling of the trial court. Mr. Nix attempted to raise them for the first time in this appeal.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. *Page 405 
SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.