The district attorney for the Fifteenth Judicial Circuit filed this petition for a writ of mandamus directing Judge William Shashy to set aside his order dismissing the indictment against Jamell Savage.[1] In May 2006, Savage was indicted for burglary. Pursuant to a plea agreement, Savage pleaded guilty to burglary in the third degree. Before Savage was sentenced, the State informed the circuit court that it had just discovered that Savage had been using his brother's identity and that he had been indicted under his brother's name, Jamell Savage, instead of his true name Parrish Savage.[2] The State moved to correct the court records to reflect Savage's true name. On his own motion, Judge Shashy set aside the guilty plea, dismissed the indictment, and directed the State to reindict Savage under his true name — Parrish Savage. This timely petition for a writ of mandamus followed. See Rule 21(a), Ala.R.App.P.[3] *Page 183 
The State contends that Savage waived any irregularity in the indictment by pleading guilty to burglary in the third degree. It asserts that the circuit court erred in unilaterally setting aside the guilty plea and dismissing the indictment when Savage never objected to it. Savage asserts that the State has a right to appeal under Rule 15.7, Ala. R.Crim.P.; therefore, it cannot avail itself of a petition for a writ of mandamus because it has another available remedy. Savage does not dispute any of the factual assertions made by the State in its mandamus petition. "When a respondent fails to refute allegations in a mandamus petition the reviewing court must consider the petitioner's assertions to be true." State v. Maddox, 828 So.2d 946,948 (Ala.Crim.App. 2001).
Rule 15.7, Ala.R.Crim.P., provides that the State may appeal certain pretrial rulings dismissing an indictment. However, once jeopardy has attached the State no longer has a right to appeal. As we stated in Ex parte City of Tarrant, 850 So.2d 366,367-68 (Ala.Crim.App. 2002):
 "Once jeopardy has attached, the City no longer has the right to appeal under Rule 15.7. The City's only remedy at that point is to file a petition for a writ of mandamus. The Alabama Supreme Court in Ex parte Sullivan, 779 So.2d 1157 (Ala. 2000), noted that mandamus is available to review a trial court's dismissal of a case once jeopardy has attached. The Court stated:
 "`The power of an appellate court of this state to issue a writ of mandamus at the request of the State in a criminal case when the Legislature has not provided the remedy of appeal is not unqualified. We have said:
 "`"Casual resort to mandamus cannot be permitted to undermine an accused's right against double jeopardy, and only the rarest of circumstances merit an intervention in a criminal case by mandamus; nevertheless, circumstances can arise which present a compelling need for the issuance of mandamus to further important countervailing public interests." '"Ex parte Nice, 407 So.2d [874] at 880
[(Ala. 1981)] (citations omitted) (emphasis omitted). Clearly, a writ of mandamus is a supervisory order; thus, an appellate court may issue this writ in any situation, within recognized limits, where this writ is necessary to protect the proper judicial administration of the courts.'
 "Ex Parte Sullivan, 779 So.2d at 1161. This case is properly before us by mandamus petition; thus, we will proceed to the merits of the case."
In relation to a guilty plea, jeopardy attaches when a guilty plea is entered and a court of competent jurisdiction accepts that plea. See Odoms v. State, 359 So.2d 1162, 1164
(Ala.Crim.App. 1978). Here, Judge Shashy accepted Savage's guilty plea, and the only matter to be resolved was Savage's sentence. Judge Shashy, a circuit judge, clearly had jurisdiction to accept a guilty plea to a felony. See § 12-11-30(2), Ala. Code 1975. Thus, jeopardy had attached; therefore, the State's only remedy was to file a petition for a writ of mandamus.
Section 15-8-90, Ala. Code 1975, provides:
 "An indictment may be amended, with the consent of the defendant entered of record, when the name of the defendant is incorrectly stated or when any person, property or matter therein stated is incorrectly described."
However, Rule 13.5, Ala.R.Crim.P., supersedes this Code section. See Edwards v. State, 480 So.2d 1259, 1261
(Ala.Crim.App. 1985) (Rule 15.5(a), Ala. R.Crim.P.Temp., *Page 184 
now Rule 13.5(a), Ala.R.Crim.P., "supplants § 15-8-90,Code of Alabama, 1975.") Rule 13.5(a), Ala.R.Crim.P., states:
 "A charge may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. The court may permit a charge to be amended without the defendant's consent, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced."
Rule 13.5(c)(2), Ala.R.Crim.P., states:
 "No charge shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, for any defect or imperfection in the charge which does not tend to prejudice the substantial rights of the defendant upon the merits."
In discussing the impact of Rule 13.5, Ala.R.Crim.P., on §15-8-90, Ala. Code 1975, this court in Hamilton v.State, 680 So.2d 987, 996-97 (Ala.Crim.App. 1996), stated:
 "The trial court's allowing the State to amend the indictment to add `Jr.' to the name on the indictment was not reversible error.
 "`Section 15-8-90 states that an indictment may be amended "when the name of the defendant is incorrectly stated or when any person, property or matter therein is incorrectly described," but only when the defendant consents to the amendment. However, Rule 13.5(a), A.R.Crim.P., states that as long as "no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced," an indictment may be amended by the court before the verdict or finding without the defendant's consent. The commentary to that rule notes that Rule 13.5(a), changes the prior procedure set out in § 15-8-90, "except as to amendments to charge a new offense not contemplated in the original indictment."'
 "Capers v. State, 606 So.2d 207
(Ala.Cr.App. 1992) (footnote omitted; emphasis original).
 "After reviewing the record, we conclude that no substantial rights of the appellant were prejudiced by amending the indictment. There is no indication from the record that the appellant did not know and understand that he was the person named in the indictment. The appellant has not shown that he suffered any prejudice by the amendment."
The remedy for a claim of misnomer in an indictment is to file a motion prior to entering a plea. "After a plea to the merits, the appellant's claim of misnomer comes too late." Hembreev. City of Birmingham, 381 So.2d 664, 666
(Ala.Crim.App. 1980). "Objections based on defects in the commencement of the proceeding or in the charge, other than lack ofsubject matter jurisdiction or failure to charge an offense, may be raised only by pretrial motion as provided in Rule 15.3." Rule 15.2(a), Ala. R.Crim.P. (emphasis added).
Defects concerning the name of the accused in an indictment are defects related to personal jurisdiction. "A misnomer is not a jurisdictional defect or a failure to charge an offense."Mayo v. State, 458 A.2d 26, 27 (Del. 1983). Defects in personal jurisdiction may be waived if not raised in a timely manner and if they have no impact on a court's subject-matter jurisdiction. See Finney v. State, 860 So.2d 367
(Ala.Crim.App. 2002). As the *Page 185 
Alabama Supreme Court recently noted in Ex parteSeymour, 946 So.2d 536 (Ala. 2006):
 "The language `jurisdiction to render judgment or impose sentence' refers to the court's jurisdiction over the subject matter, as opposed to the person. Although a court must have both personal jurisdiction and subject-matter jurisdiction in an action, Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911), defects in personal jurisdiction are waived if they are not raised before trial. City of Dothan v. Holloway, 501 So.2d 1136, 1139
(Ala. 1986)."
946 So.2d at 537 n. 3.
In Finney v. State, this Court considered the validity of an indictment that omitted the defendant's name from a count contained in the indictment. In finding that the defect was not fatal, we stated:
 "Although we have found no Alabama cases directly on point with respect to this issue, we have found three cases from other jurisdictions with similar situations. In all three of those cases, the omission of the accused's name from the body of the charging instrument was found not to be fatal. See State v. Nixon, 977 S.W.2d 119, 121 (Tenn.Crim.App. 1997) (noting that the defendants had waived their challenge to the indictment because `[t]he omission of the defendants' names in the body of the indictment neither relates to subject matter jurisdiction nor failure to allege an offense,' but nevertheless holding that `[s]ince the defendants were named on the cover sheet . . . it is clear that they were the persons referred to in the body of the indictment'); State v. Geary, 884 S.W.2d 41, 44
(Mo.Ct.App. 1994) (holding that failure of indictment to include the defendant's name was not fatal because the original complaint that initiated the prosecution properly listed the defendant's name and `[t]he record indicate[d] that [the] defendant . . . knew what he was charged with and what facts the charge was based upon'); and Hill v. State, 523 P.2d 1114, 1116 (Okla.Crim.App. 1974) (holding that information was not fatally defective because `while defendant's name did not appear in the charging part of the information, it did clearly appear in the caption and in the verification of the charge by the District Attorney').
 ". . . .
 ". . . Therefore, the omission of Finney's name from count 1 did not render the indictment void for failing to charge an offense nor did it deprive the trial court of subject-matter jurisdiction."
860 So.2d at 374-75. Other jurisdictions have also held that errors in the name of an accused in an indictment are matters of form and not substance and may be waived. See Richardson v.State, 769 So.2d 230, 233 (Miss.Ct.App. 2000) ("By failing to address the misspelling of his name in the indictment before pleading guilty, Richardson has waived his right to challenge the indictment based on the misnomer."); Jones v. State,504 S.W.2d 442, 443 (Tex.Crim.App. 1974) (a wrong name in an indictment "is a matter of form only. . . ."); Commonwealthv. Bruce, 230 Pa.Super. 507, 509-10, 326 A.2d 628, 629
(1974) ("Substantive aspects of an indictment may not be amended once they have been found and presented by a Grand Jury. . . . [I]f the defect is one of form it can be amended. Act of March 31, 1860, P.L. 427, § 13 (19 P.S. § 433) (formal statements in the indictment as to time, place, value, and name of the accused are open to amendment)."); United States v.Campbell, 235 F.Supp. 94, 96 (E.D.Tenn.1964) ("`A name is not of the substance of an indictment. And a person may well be *Page 186 
indicted, without the mention of any name, and designating him as a person whose name is to the grand jurors unknown.'");United States v. Fawcett, 115 F.2d 764, 767 (3d Cir.1940) ('"An indictment is a written accusation of one or more persons of a crime or misdemeanor, preferred to, and presented upon oath by, a grand jury.' An indictment, then, is an accusation of a person of crime. It is an accusation against a person, and not against a name. A name is not of the substance of an indictment."); State v. Puchbauer, 299 S.W. 821, 824
(Mo.Ct.App. 1927) ("[W]here a defendant be indicted by the wrong name, he may be proceeded against by the name in the indictment; that, if he allege another name to be his true name, it must be entered in the minutes of the court, and thereafter the proceedings shall be against him by that name, with the same consequences as if he had been indicted by his true name.");Lee v. State, 138 Miss. 474, 103 So. 233 (1925) (error in accused name in indictment is an amendable defect); Coatsv. State, 101 Ark. 51, 141 S.W. 197, 200 (1911) ("[W]henever the person who is really meant is indicted or arrested, though by a wrong name, the proceedings are not thereby invalidated, . . . the error in the name may be corrected.").
As the Tennessee Court of Criminal Appeals stated in Statev. Nixon, 977 S.W.2d 119 (Tenn.Crim.App. 1997):
 "Defects which may be challenged at any time during the pendency of the proceedings include objections which challenge lack of jurisdiction in the court and those objections contending that the indictment failed to charge an offense. `Lack of jurisdiction' refers to subject matter jurisdiction which a defendant has no power to waive. . . .
 "However, certain defects in the indictment must be raised prior to trial, or will result in waiver. See Tenn. R.Crim.P. 12(f); State v. Kennedy, 649 S.W.2d 275, 279
(Tenn.Crim.App. 1982). This category includes all objections or defects in the indictment other than those included in the first category. Included within this class are defects in the indictment that go to matters of form rather than substance. These statutory requirements include, in part, failure of the district attorney general to sign the indictment, the identity of the person charged, the time at which the offense was committed, and the place of the offense. See Tenn. Code Ann. § 40-13-203, -207, -208 (1990). Jurisdiction over the person falls within this category of defects. The omission of the defendants' names in the body of the indictment neither relates to subject matter jurisdiction nor failure to allege an offense. Thus, the defendants, by failing to object to the defect prior to trial, have waived this issue. See Tenn.R.Crim.P. 12(b)(2); 12(f)."
977 S.W.2d at 120-21 (emphasis added). The court's holding inState v. Nixon is consistent with the Alabama Rules of Criminal Procedure and Alabama case law.
In this case, Savage never moved to dismiss the indictment because the indictment contained his brother's name — the name Savage gave to police when he was arrested. Nor did Savage move to withdraw his guilty plea. Savage waived any defect in the misnomer in the indictment. Indeed, the circuit court, on its own motion, dismissed the indictment and set aside the guilty plea. We know of no provision in the law that allows a circuit court, ex mero motu, to set aside a legal and valid indictment after that court has accepted a guilty plea to the charge set out in that indictment. Savage pleaded guilty; thus, he waived any nonjurisdictional defects in the indictment. SeeFuqua v. State, 912 So.2d 290 (Ala.Crim.App. 2005). *Page 187 
It is uncontested that Parrish Savage was the individual who was arrested, booked, and charged, and who pleaded guilty to burglary in the third degree. It is also undisputed that Parrish Savage was fully aware that he was the individual charged with burglary. Certainly, Savage can show no prejudice that has affected his substantial rights; therefore, according to Rule 13.5(c)(2), Ala.R.Crim.P., there were no grounds to invalidate the guilty-plea proceedings and to dismiss the indictment.
Furthermore, the indictment in this case contained the following phrase after the accused's name: "whose name is otherwise unknown to the Grand Jury." In 1915 the Alabama Court of Appeals stated the following concerning the use of a similar phrase in an indictment:
 "[T]he demurrer was properly sustained, for the reason that the indictment did not purport to charge the defendant by his true name, but it, in legal effect, alleged that his true name was unknown to the grand jury, and that he was only known to the grand jury by the name of `Rich Olivere.' This was a sufficient description of the defendant under our statute (Code, § 7142) [now codified at § 15-8-28, Ala. Code 1975], and it was wholly immaterial what his true name was, unless the proof on the trial showed that the grand jury knew his true name at the time it returned the indictment."[4]
Oliveri v. State, 13 Ala.App. 348, 352, 69 So. 359, 361
(1915) (emphasis added). See also Hughes v. State,22 Ala.App. 344, 344, 115 So. 697, 698 (1928) ("Under the form of indictment here considered, defendant's true name was immaterial, in the absence of proof that the grand jury did know his true name at the time of returning the indictment.").
For a writ of mandamus to issue, the petitioner must establish: (1) a clear legal right to the relief sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) no adequate remedy at law; and (4) the properly invoked jurisdiction of the court. See State v.Williams, 679 So.2d 275 (Ala.Crim.App. 1996). The State has satisfied the requirements for the issuance of this writ.
Accordingly, this petition for a writ of mandamus is due to be granted. Judge Shashy is directed to vacate his order setting aside Savage's guilty plea and dismissing the indictment. Judge Shashy is further directed to reinstate the guilty plea and to correct all court records to reflect that the conviction was entered against "Parrish" Savage. Judge Shashy should then proceed to sentence Parrish Savage for his conviction for burglary in the third degree.
PETITION GRANTED; WRIT ISSUED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] The exhibits filed with the mandamus petition show that Savage, whose name is actually Parrish Savage, gave his brother's name and Social Security number when he was arrested and that he was subsequently indicted under that name.
[2] The indictment states, in pertinent part:
 "The Grand Jury of Montgomery County charge that, before the finding of this indictment,
 "Jamell Ali Savage, alias
 "Jamel A. Savage, alias
 "Jamell A. Savage, alias
 "Jamell Ale Savage, alias
 "Mel Savage, alias
 "Mell Savage, alias
 "Willie Davis, alias
 "whose name is otherwise unknown to the Grand Jury. . . ."
[3] The State had seven days to file a mandamus petition challenging Judge Shashy's ruling. See Ex parte Thomas,828 So.2d 952 (Ala. 2001).
[4] Section 15-8-28, Ala. Code 1975, states:
 "The indictment must be certain as to the person charged; but when his name is unknown to the grand jury, it may be so alleged without further identification."