WISE, Judge,
dissenting.
I respectfully dissent from the majority’s decision to reverse the trial court’s dismissal of the second-degree theft-of-property charge against Anderson. This case is before us based on the State’s appeal of the trial court’s order, pursuant to Rule 15.7, Ala.R.Crim.P. In my opinion, however, the facts of this case do not meet the criteria for an appeal under Rule 15.7.
It is well settled that
“ ‘the State has a limited right to appeal; that right is governed by § 12-12-70, Ala.Code 1975 [authorizing the State to appeal from a judgment holding a statute invalid], § 12-22-91, Ala.Code 1975 [authorizing the State to appeal when the statute under which the indictment is preferred is held to be unconstitutional]; and Rule 15.7, Ala. R.Crim. P. [authorizing the State to take a pretrial appeal from rulings suppressing evidence or from orders dismissing all or part of an indictment]. According to these provisions, the State may appeal from ... pretrial rulings ... dismissing charges....’”
State v. D.L.A., 975 So.2d 1014, 1017 (Ala.Crim.App.2007), quoting State v. Maddox, 828 So.2d 946, 947 (Ala.Crim.App.2001). See also State v. Seawright, 961 So.2d 187 (Ala.Crim.App.2006). However, it is equally well settled that “once jeopardy has attached the State no longer has a right to appeal.” State v. Savage, 961 So.2d 181, 183 (Ala.Crim.App.2006). Further “[i]n relation to a guilty plea, jeopardy attaches when a guilty plea is entered and a court of competent jurisdiction accepts that plea.” Id.
Here, Anderson pleaded guilty to one count of unlawfully breaking and entering a motor vehicle and one count of second-degree theft of property. However, after hearing Anderson’s statements regarding the facts of the case the trial court accepted Anderson’s guilty plea to unlawfully breaking and entering a motor vehicle, but declined to adjudicate Anderson guilty of second-degree theft of property. Subsequently, the trial court dismissed the theft charge against Anderson. In my opinion, *1038 because the trial judge did not dismiss the theft charges until after Anderson had attempted to plead guilty to the charge, jeopardy had already attached, and the State no longer had a right to appeal the circuit court’s dismissal of the second-degree theft-of-property charge. Given these circumstances, the proper course of action for the State would have been to petition this Court for a writ of mandamus pursuant to Rule 21, Ala.R.App.P., rather than a pretrial appeal pursuant to Rule 15.7, Ala.R.Crim.P., because a petition for a writ of mandamus is the proper avenue for the State to seek redress of claims when there is no other relief available. See Ex parte Sullivan, 779 So.2d 1157 (Ala.2000) (recognizing that the State could by mandamus petition seek review of the trial court’s dismissal of an indictment after jeopardy attached); and State v. Savage, 961 So.2d 181 (Ala.Crim.App.2006) (granting State’s mandamus petition challenging trial court’s dismissal of indictment after jeopardy had attached). Because this appeal is before this Court pursuant to Rule 15.7, Ala.R.Crim.P., rather than pursuant to the mandamus procedures .provided in Rule 21, Ala.R.App.P., I believe that we have no recourse but to dismiss this appeal. Accordingly, I must respectfully dissent.